# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ADAM MICHAEL CADE-GILSON,

Defendant.

No. 14-CR-2035-LRR

**ORDER**

_____

### TABLE OF CONTENTS

I.   INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*
II.  RELEVANT PROCEDURAL BACKGROUND.. . . . . . . . . . . . . . . . . . . . . *2*
III. STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
IV.  RELEVANT FACTUAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . *3*
V.   ANALYSIS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
     A.   Legal Standard. . . . . . . . . . . . . . . . . . . . . . . . . . *3*
     B.   Application.. . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
VI.  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

### *I. INTRODUCTION*

The matter before the court is Defendant Adam-Cade Michael Gilson's[1] Objections (docket no. 37) to United States Chief Magistrate Judge Jon S. Scoles's Report and Recommendation, which recommends that the court deny Defendant's "Motion to Suppress" ("Motion") (docket no. 21).

_____

[1] At his initial appearance, Defendant informed the court that his true name is Adam-Cade Michael Gilson. *See* Report and Recommendation (docket no. 31) at 2 n.1.

## II. RELEVANT PROCEDURAL BACKGROUND

On July 23, 2014, a grand jury returned an Indictment (docket no. 2) charging Defendant with knowingly possessing firearms and ammunition after having been convicted of crimes punishable by terms of imprisonment exceeding one year in violation of 18 U.S.C. § 922(g)(1). The Indictment also contains a forfeiture allegation. On August 8, 2014, Defendant filed the Motion. On August 18, 2014, the government filed a Resistance (docket no. 24). On August 19, 2014, Judge Scoles held a hearing on the Motion. *See* August 19, 2014 Minute Entry (docket no. 25). Defendant appeared in court with his attorney, Max Wolson. Special Assistant United States Attorney Lisa Williams represented the government. On August 20, 2014, Defendant filed a Reply (docket no. 30). On August 29, 2014, Judge Scoles issued his Report and Recommendation, which recommends that the court deny the Motion. On September 12, 2014, Defendant filed his Objections. The Report and Recommendation and the Objections are fully submitted and ready for decision.

## III. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (noting that a district judge must "undertake[] a de novo review of the disputed portions of a magistrate judge's report and recommendations"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence,

or resubmit the matter to the magistrate judge with instructions."). It is reversible error for a district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600. Accordingly, the court reviews the disputed portions of the Report and Recommendation de novo.

## IV. RELEVANT FACTUAL BACKGROUND[2]

On May 2, 2014, Officer Nicholas Berry of the Waterloo, Iowa Police Department followed Defendant's vehicle as it traveled away from a convenience store. Officer Berry "observed that the license plate sat lower and partially blocked some of the letters for the county and then also almost three-quarters of the actual registration sticker." Transcript of Suppression Hearing ("Transcript") (docket no. 34) at 28. Officer Berry testified that he was unable to read the registration sticker, even at close range. *Id*. at 29. Officer Berry informed Tama County Deputy Sheriff Casey Schmidt that he would like the vehicle stopped because "the [license] plate was . . . obscured." *Id*. at 7. Deputy Sheriff Schmidt stated that he was unable to read the registration sticker. *Id*. at 8. Deputy Sheriff Schmidt pulled over the vehicle and obtained incriminating evidence.

## V. ANALYSIS

Defendant objects to Judge Scoles's conclusion that Iowa Code section 321.38 provided officers with probable cause to pull over Defendant's vehicle.

### A. Legal Standard

The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. "A traffic stop constitutes a seizure of [a] vehicle's occupants, including any passengers." *United States v. Hollins*, 685 F.3d 703, 705 (8th Cir. 2012)

---

[2] After reviewing the hearing transcript, the court finds that Judge Scoles accurately and thoroughly set forth the relevant facts in the Report and Recommendation. *See* Report and Recommendation at 2-5. Accordingly, the court only briefly summarizes the facts. When relevant, the court relies on and discusses additional facts in conjunction with its legal analysis.

3

(quoting *United States v. Sanchez*, 572 F.3d 475, 478 (8th Cir. 2009))(internal quotation marks omitted). To be constitutional, "a traffic stop 'must be supported by reasonable suspicion or probable cause.'" *Id.* at 706 (quoting *United States v. Houston*, 548 F.3d 1151, 1153 (8th Cir. 2008)). An officer has probable cause to make a traffic stop when the officer "objectively has a reasonable basis for believing that the driver has breached a traffic law." *United States v. Gordon*, 741 F.3d 872, 876 (8th Cir. 2013) (quoting *United States v. Coney*, 456 F.3d 850, 856 (8th Cir. 2006)) (internal quotation marks omitted). Whether an officer has probable cause "is determined from 'the totality of the circumstances as set forth in the information available to the arresting officer[] at the time of the arrest.'" *Houston*, 548 F.3d at 1154 (quoting *United States v. Adams*, 346 F.3d 1165, 1169 (8th Cir. 2003)). Moreover, "an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause." *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004). An officer has reasonable suspicion justifying a traffic stop "when the officer is aware of 'particularized, objective facts which, taken together with rational inferences from those facts, reasonably warrant suspicion that a crime is being committed.'" *Houston*, 548 F.3d at 1153 (quoting *United States v. Martin*, 706 F.2d 263, 265 (8th Cir. 1983)).

### *B. Application*

In his Objections, Defendant argues that officers did not have probable cause to stop Defendant's vehicle for violating Iowa Code section 321.38. In support of this argument, Defendant contends that the registration sticker in this case was readable and a purported violation of Iowa Code section 321.38 was not an appropriate basis to find probable cause. Defendant contends that Judge Scoles was incorrect in his "treatment of the sticker in the same manner as the other license plate information" because "[t]he registration sticker . . . fits neither [the] plain language [of the statute] nor" the Iowa Supreme Court's interpretation of the statute. Objections at 5. This is so, Defendant argues, because: (1)

the Iowa Code only requires information printed on the plate itself—which does not include the registration sticker—to be readable; (2) the statute at most requires the color of the registration sticker to be easily read, rather than the words on the registration sticker; (3) officers are not trained that an overlapping sticker violates the law; (4) the court may not rely on a statute other than what appeared in the officer's report as a basis for finding probable cause; and (5) the license plate was mounted where the vehicle manufacturer intended. The court will address each of these arguments in turn, and will address Defendant's factual objection where appropriate.

Iowa Code section 321.38 provides:

> Every registration plate shall at all times be securely fastened in a horizontal position to the vehicle for which it is issued so as to prevent the plate from swinging and at a height of not less than twelve inches from the ground, measuring from the bottom of the plate, in a place and position to be clearly visible and shall be maintained free from foreign materials and in a condition to be clearly legible. An imitation plate or plates imitating or purporting to imitate the official registration plate of any other state or territory of the United States or of any foreign government shall not be fastened to the vehicle.

Iowa Code § 321.38. "[T]he statute plainly requires that a license plate '*at all times* . . . be maintained free from foreign materials and in a condition to be clearly legible'" and "[h]owever impractical it may seem to have a license plate 'clearly legible' at all times, no exceptions appear from the language of the statute." *State v. Klinghammer*, No. 09-0577, 779 N.W.2d 495 (Table), 2010 WL 200058, at *3 (Iowa Ct. App. Jan. 22, 2010) (quoting Iowa Code § 321.38). The Iowa Code "demonstrate[s] that the legislature intended that all information to be displayed on a license plate must remain readable." *State v. Harrison*, 846 N.W.2d 362, 368 (Iowa 2014).

The court first turns to Defendant's argument that because the registration sticker "is not printed onto the plate . . . unlike certain other information on the plate," Iowa

5

Code section 321.38 does not apply to registration stickers. Objections at 5. Defendant cites the Iowa Supreme Court's statement in *Harrison* that "the law 'unambiguously requires drivers to display all information *printed on* the license plate, including the county name.'" Objections at 5 (quoting *Harrison*, 846 N.W.2d at 368) (emphasis in Objections). However, it does not appear that the *Harrison* court intended to limit this rule to information that is printed directly on the plates. *See Harrison*, 846 N.W.2d at 368 ("Iowa Code sections 321.38 and 321.388 demonstrate that the legislature intended that all information to be displayed on a license plate must remain readable."). Moreover, the court can conceive of no principled reason for such a distinction. Indeed, as discussed below, a readable registration sticker allows an officer to easily discern whether the vehicle is properly registered.

The court next turns to Defendant's argument that the Iowa Supreme Court's rationale in *Harrison* was that information on a license plate must be readable to aid in a layperson's identification of a vehicle. The *Harrison* court was presented with a case interpreting whether the Iowa Code requires the county name to be readable. The legislature deemed it appropriate to require the county name to remain readable because "it can be useful to help law enforcement track down a vehicle driven by someone who has been observed breaking the law. Citizens unable to remember a complete registration plate number may be able to help identify a particular vehicle by providing the county name with a partial number." *Id*. at 369. However, this is not the only reason that information on a license plate may be useful, and thus required to be readable; rather, this is the reason that the legislature requires the *county name* to remain readable. The legislature apparently deemed it important that law enforcement also be able to determine whether a vehicle is properly registered. *See* Iowa Code § 321.24(10) ("A vehicle shall be registered for the registration year."); Iowa Code § 321.166(7) ("The year and month of expiration of registration . . . shall be displayed on vehicle registration plates . . . ."). Reading Iowa

Code section 321.38 in conjunction with sections 321.24(10) and 321.166(7), the court concludes that Iowa law requires operators of motor vehicles to display the registration sticker such that it remains readable.[3] Moreover, the court disagrees with Defendant's argument that if an officer can readily determine the color on the registration sticker, the readability requirement is met. The color on the registration sticker indicates the year of registration. *See* Transcript at 14-15. However, the registration sticker also contains the month through which the vehicle is registered. *See id.* at 15. The month is important because a vehicle that has a certain colored sticker may still be improperly registered if the month of registration predates the time of the stop—for example, a vehicle registered through January of 2014 may bear the 2014 color, but such vehicle would not be properly registered if it still displayed the January 2014 sticker in May of 2014. *See id.* at 15-16. To the extent that Defendant objects to the factual conclusion that the registration sticker was not readable, the court finds such objection to be without merit. Officer Berry testified that he was unable to read the registration sticker even when he was stopped in a vehicle directly behind Defendant's stopped vehicle at a red light. *See* Transcript at 29. Moreover, Defense Exhibit D-4 supports Officer Berry's testimony that he was unable to read the month shown on the registration sticker.

---

[3] Defendant places much emphasis on the fact that the Iowa Code does not state a particular distance from which an individual can read information on the plate. Because in this case the officers were unable to read the registration sticker even at close range, the court finds that, regardless of any prescribed distance, the sticker was not readable. *See* Defendant's Exhibit D-4 (docket no. 23-1). Moreover, this case is easily distinguishable from *United States v. $45,000 in U.S. Currency*, 749 F.3d 709 (8th Cir. 2014). In *$45,000*, the Eighth Circuit Court of Appeals concluded that the defendant did not violate a Nebraska statute requiring license plates to be plainly visible when the officer was able to read the license plate from a distance of 100 feet. *Id.* at 719. Here, Officer Berry testified that he was unable to read the registration sticker even when he was stopped in a vehicle directly behind Defendant's stopped vehicle at a red light. Transcript at 29. If the sticker was not readable at such a short distance, it was not readable as contemplated by *Harrison* or by the reasoning of the *$45,000* court.

The court next turns to Defendant's argument that because officers are not trained that an unreadable registration sticker violates Iowa law, the stop was not supported by probable cause. The way an officer is trained is irrelevant to the court's probable cause determination. As already discussed, an officer has probable cause to make a traffic stop when the officer "*objectively* has a reasonable basis for believing that the driver has breached a traffic law." *Gordon*, 741 F.3d at 876 (emphasis added) (quoting *Coney*, 456 F.3d at 856) (internal quotation marks omitted). Probable cause determinations are evaluated objectively. *See Whren v. United States*, 517 U.S. 806, 813 (1996) ("[T]he constitutional reasonableness of traffic stops [does not] depend[] on the actual motivations of the individual officers involved."); *United States v. Guevara*, 731 F.3d 824, 828-29 (8th Cir. 2013) (holding that a district court may rely on a statute other than the one an officer cited when determining whether an officer had probable cause necessary to make a traffic stop because the existence of probable cause is viewed objectively). Accordingly, regardless of how officers are trained, Officer Berry still had an objectively reasonable basis to believe Defendant violated Iowa Code section 321.38 because Defendant's registration sticker was not readable.

The court next turns to Defendant's argument that the court may not rely on a statute other than what appeared in the officer's report as a basis for finding probable cause. However, as just discussed, whether an officer has probable cause is judged by an objective standard. An objective standard allows a court to rely on a different statute in finding probable cause than the statute relied on by the arresting officer. *Guevara*, 731 F.3d at 828-29. The court notes that this standard cuts both ways. In this case, an objective standard allows the court to find that officers had probable cause that Defendant violated the statute despite the apparent absence of the officer's subjective belief that Defendant violated Iowa Code section 321.38. This also means that even if an officer subjectively believes that a defendant is violating a statute, the court may still find such

8

belief to be objectively unreasonable. Indeed, Judge Scoles found that to be true in the instant case. *See* Report and Recommendation at 10 (finding, despite an officer's subjective belief that Defendant violated Iowa Code section 321.37(3), the officer did not objectively have probable cause to believe Defendant violated such statute); *id.* at 15 (finding, despite an officer's subjective belief that Defendant violated Iowa Code section 321.438(1), the officer did not objectively have probable cause to believe Defendant violated such statute).

Finally, the court turns to Defendant's argument that officers did not have probable cause because the license plate was mounted in a manner intended by the vehicle's manufacturer. Defendant cites no authority in support of this argument, and the court is aware of none. The law imposes on Iowa vehicle operators a duty to maintain license plates in such a condition as to be readable. The Iowa Code contains no exception for a vehicle operator who fails to maintain the license plate in the proper condition because it was placed in the location deemed appropriate by the manufacturer of the vehicle. *See Klinghammer*, 2010 WL 200058, at *3 ("However impractical it may seem to have a license plate 'clearly legible' at all times, no exceptions appear from the language of the statute." (quoting Iowa Code § 321.38)). Accordingly, the court finds that Judge Scoles accurately interpreted Iowa Code section 321.38, and officers had probable cause to believe Defendant was violating section 321.38.

## VI. CONCLUSION

In light of the foregoing, the court **ORDERS**:

(1)  The Objections (docket no. 37) are **OVERRULED**;

(2)  The Report and Recommendation (docket no. 31) is **ADOPTED**; and

(3)  The Motion (docket no. 21) is **DENIED**.

**DATED** this 29th day of September, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA